IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN M. DAVIS,

    Plaintiff,         OPINION AND ORDER

 v.                13-cv-332-wmc

STATE OF WISCONSIN, *et al.*,

    Defendants.

---

  Plaintiff Glenn M. Davis has filed a proposed civil action pursuant to 42 U.S.C. § 1983, seeking relief from the revocation of his parole by the State of Wisconsin. At the court's request, he has submitted an amended complaint. Since then, Davis has filed more than one motion for injunctive relief in the form of his immediate release from custody and he requests the appointment of counsel.

  Because Davis is incarcerated, the court is required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(b), to determine whether the proposed complaint is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. After reviewing the pleadings as required, the court concludes that the complaint must be dismissed because it does not state a claim on which relief can be granted under 42 U.S.C. § 1983.

ALLEGATIONS OF FACT

  In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of

this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts:[1]

In 1997, Davis was convicted pursuant to his plea of "no contest" to charges of repeated sexual assault of the same child (four counts) in Milwaukee County Case No. 97CF2482. He received a 20-year prison sentence in that case.

Davis is currently incarcerated in the Wisconsin Department of Corrections at the Milwaukee Secure Detention Facility, following the revocation of his release on extended supervision or parole. Davis does not challenge his parole revocation here. Instead, Davis claims that he was denied an opportunity to challenge the validity of his 1997 conviction. Davis explains that he filed a "motion for reconsideration" with the Milwaukee County Circuit Court, seeking to withdraw his plea to the sexual assault charges lodged against him in Case No. 97CF2482. Shortly thereafter, Davis was arrested and taken into custody for violating his parole. The circuit court denied Davis's motion for reconsideration on August 8, 2012.

Davis contends that he was unable to file a timely appeal from this adverse decision because "the police" took his glasses. Davis alleges that he made numerous requests for assistance from his parole officer (Chris Gajewski) and her supervisor (Sandra Hansen), but that neither one responded before his time to appeal expired.

---

[1] The court has supplemented the facts with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited June 25, 2013).

Davis also claims that his continued confinement is illegal because there is no DNA evidence to prove his guilt in Milwaukee County Case No. 97CF2482. Davis maintains, therefore, that he is entitled to a new trial to establish his innocence.

Arguing that Gajewski, Hansen and other parole officials interfered with his access to courts, Davis seeks compensatory damages and an injunction ordering the State of Wisconsin to release him from custody.

## OPINION

As an initial matter, it is well established that 42 U.S.C. § 1983 may not be used to challenge the "fact or duration of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Because a writ of habeas corpus is the only vehicle for such a claim, *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973), Davis's request for injunctive relief must be dismissed without prejudice to pursuing those claims under 28 U.S.C. § 2254.

To the extent that Davis claims he was denied access to courts, his claim is properly raised under 42 U.S.C. § 1983. Because Davis's allegations would, if true, necessarily imply the invalidity of his continued confinement, however, this court's review is still precluded unless Davis can show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim that runs counter to or is premised on overturning a still valid conviction or sentence is not cognizable under 42 U.S.C. § 1983.

*Id.*

Here, all of Davis's claims for a new trial constitute straightforward challenges to his conviction and sentence in Milwaukee County Case No. 1997CF2482. Since Davis concedes that his conviction has not been invalidated or set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254,[2] the Supreme Court's *Heck* decision also precludes a claim for damages under 42 U.S.C. § 1983. *See Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012) (holding that a prisoner's claim for denial of access to courts failed to state a basis for recovery of damages under § 1983 and was barred by *Heck*), *cert. denied*, — U.S. —, 2013 WL 1743671 (June 10, 2013).

For all these reasons, Davis's complaint seeking injunctive and monetary relief must be dismissed. 28 U.S.C. § 1915A(b).

ORDER

IT IS ORDERED that:

1. The complaint filed by plaintiff Glenn M. Davis is DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).

2. Davis's other pending motions are DENIED as moot.

---

[2] Court records reflect that Davis's attempts at collateral review have been unsuccessful. *See Davis v. Boatright*, 08-cv-212 (E.D. Wis. May 1, 2008); *see also Davis v. Boatwright*, 09-cv-353-bbc (W.D. Wis. June 15, 2009); *State ex rel. Davis v. Chisholm*, 2008 WI App 51, 309 Wis. 2d 235, 747 N.W.2d 528, 2008 WL 495494 (Feb. 26, 2008) (rejecting a petition for a writ of mandamus).

3. A strike will also be assessed for purposes of 28 U.S.C. § 1915g.

Entered this 28th day of June, 2013.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge